**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**JOSEPH MEDLEY,**

    Plaintiff,

v.

**LIBERTY OILFIELD SERVICES, LLC**

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Joseph Medley ("Medley" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Liberty Oilfield Services, LLC ("Liberty" or "Defendant") and states as follows:

**NATURE OF ACTION**

Plaintiff loyally served, and serves, as an employee of Liberty. Plaintiff brings this action for damages against Liberty as a result of Liberty's discrimination and retaliation against Plaintiff in violation of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, et seq., and Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

**PARTIES**

1. Plaintiff is an employee of Liberty and is a resident of the State of Alabama.

2. Plaintiff is a member of a protected class of individuals as defined by C.R.S. § 24-34-402 and Sec. 2000e-2(a)(1). Specifically, Plaintiff's race/color is West African/Black.

3. Defendant is a Delaware limited liability company and an employer as defined by C.R.S. § 24-34-401(3) and Sec. 2000e(b), with a principal office located at 950 17th Street, Suite 2000, Denver, Colorado 80202.

## JURISDICTION

4. Jurisdiction is asserted pursuant to the Title VII, 42 U.S.C. § 2000e, et seq. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this action arises, in part, under federal law. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

## ADMINISTRATIVE HISTORY

5. Plaintiff has timely and properly exhausted his administrative remedies pursuant to C.R.S. § 24-34-306 by filing an initial Charge with the Colorado Civil Rights Division ("CCRD"), Charge No. FE2017368978, on or about March 29, 2017, based upon grounds of race/color discrimination and retaliation.

6. Plaintiff's charge was dual filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 32A-2017-00302.

7. During the investigation, Plaintiff provided information to the CCRD alleging continued acts of discrimination and retaliation against him, including repeated discriminatory comments and harassment by Defendant's employees.

8. This lawsuit is timely filed within 90 days after issuance of a Notice of Right to Sue from the CCRD, mailed May 9, 2017, and from the EEOC, dated July 26, 2018.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

10. Liberty hired Medley on or about June 10, 2015 to work as an Equipment Operator.

11. Upon information and belief, Liberty provides oilfield services of fracturing and completion technology in the oil shale industry in Colorado, North Dakota, Wyoming, and Texas.

12. Medley works on a crew of Liberty employees and is responsible for various tasks, including inspections of equipment, maintenance of equipment, and driving various pieces of heavy equipment.

13. Medley continues to work as an Equipment Operator for Liberty.

14. Plaintiff has performed satisfactory in the scope of his employment at Liberty.

15. Medley is a West African/Black male.

16. During his employment, Medley has experienced numerous discriminatory acts and comments, beginning in June 2015.

17. As the only African-American on his crew, Plaintiff began to be targeted with discriminatory statements.

18. Steve Follo ("Follo") stated to Plaintiff that he should give up his seat to a white employee and move to the back of the vehicle on or about June 23, 2015.

19. On or about October 10, 2016, Follo stated to Plaintiff that he should be dropped off at a cotton farm.

20. On or about October 30, 2016, Follo suggested to a white employee of Liberty that he should watch his pocket because he had two back men standing behind him.

21. Follo, Ben Hitchcock ("Hitchcock"), and Robert Cox ("Cox") each called Plaintiff a "nigger" on multiple occasions during Plaintiff's employment.

22. Hitchcock questioned Plaintiff's citizenship and frequently asked questions such as the following: "What do you guys wear in Africa? What do you guys eat in Africa? Do you fight lions and elephants?"

23. Hitchcock also asked whether Plaintiff had contracted Ebola.

24. Plaintiff received text messages from Liberty employees that referenced the KKK and showed images of the like.

25. Plaintiff complained to his supervisors and others around him regarding this conduct.

26. For instance, on or about September 6, 2016, Plaintiff notified Eddie Garcia ("Garcia"), a manager, about the discriminatory comments.

27. Upon information and belief, Garcia notified the operations manager, Dan Bonnell ("Bonnell"), about the conduct of Liberty employees.

28. Plaintiff also sent a letter on or about November 19, 2016 to Liberty's human resources department to notify them of the treatment to which he was subjected.

29. Plaintiff advised Liberty that his harassers included Follo, Hitchcock, Cox, John Cammaleri ("Cammaleri"), Lane Masingale ("Masingale"), and Jack Wienties.

30. Cammaleri and Masingale made statements that included don't forget to get the purple Gatorade for the black guys, you know they don't play around with their purple drinks.

31. Liberty's handbook states: "Anyone who believes there has been a violation of the EEO policy or harassment based on the protected classes listed above, including sexual harassment, should report the conduct to their immediate supervisor or Human Resources

Representative who will investigate the matter and take corrective action. Complaints will be kept as confidential as practicable."

32. Following Plaintiff's complaints to Liberty, Jim Brady ("Brady") called a meeting on or about November 22, 2016 with the entire Gillette crew.

33. Brady made known to the team that Medley had complained of the harassment he experienced.

34. While Liberty took steps to terminate some employees, it did not eliminate the harassment Plaintiff experienced.

35. Following this meeting, other Liberty employees repeatedly complained to Plaintiff that he had gotten all the good people fired.

36. Plaintiff has continued to face discriminatory treatment while working at Liberty.

37. Stephen Monogue ("Monogue") made discriminatory comments referring to individuals as "niggers" in the presence of Plaintiff.

38. Monogue would play hip-hop/rap music at times in the company vehicle and repeat lyrics that included racial slurs directly to Medley.

39. Monogue also made comments stating that Medley was inferior others and that his race was not smart enough to run anything on the crew.

40. Medley reported these comments to Bonnell, yet Liberty took no action.

41. Garcia also reported the discriminatory treatment to Bonnell.

42. Liberty knowingly has allowed Plaintiff to be subjected to harassing and discriminatory treatment following his reports of discrimination to Liberty and the filing of a charge of discrimination with the CCRD and EEOC.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

43. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

44. Liberty is an employer as defined by C.R.S. § 24-34-401(3).

45. Medley is a member of a protected class of individuals based on race/color as defined by C.R.S. § 24-34-402(1)(a).

46. Medley was, and is, an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of an Equipment Operator.

47. Liberty willfully and intentionally subjected Medley to discrimination by allowing its employees to make racist comments directed towards him and in his presence as referenced herein.

48. Liberty willfully and intentionally discriminated against Medley by ignoring is reports of continued harassment and discriminatory conduct.

49. Liberty knew its actions violated CADA or was recklessly indifferent in that regard.

50. As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under C.R.S. § 24-34-405.

## SECOND CAUSE OF ACTION
### Hostile Work Environment – Harassment in Violation of the
### Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

51. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

52. Medley was subjected to harassing treatment from Liberty employees because of his race/color (West African/Black).

53. The comments and treatment Medley experienced were unwelcome.

54. The treatment was sufficiently severe and pervasive to alter the conditions of Medley's employment and created an environment abusive hostile to his race/color.

55. Medley found the working environment to be hostile.

56. A reasonable person in Medley's circumstances would find the environment in which Medley worked to be hostile.

57. As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under C.R.S. § 24-34-405.

**THIRD CAUSE OF ACTION**
**Retaliation in Violation of the Colorado Anti-Discrimination Act**
**(C.R.S. § 24-34-402(1)(e)(IV))**

58. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

59. Medley engaged in protected activities by reporting harassment and discriminatory treatment that he experienced in the workplace, as well as by filing a charge of discrimination.

60. Liberty's conduct in allowing Medley to be subjected to ongoing discriminatory treatment without investigating or reprimanding Liberty employees is an adverse employment action in violation of C.R.S. § 24-34-402(1)(e)(IV).

61. The effect of these statutory violations was to deprive Medley of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

62. These statutory violations were intentional.

63. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Medley's statutorily protected rights.

64. As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under C.R.S. § 24-34-405.

## FOURTH CAUSE OF ACTION
### Discrimination in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

65. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

66. Liberty is an employer as defined by Sec. 2000e(b).

67. Medley is a member of a protected class of individuals based on race as defined by Sec. 2000e-2(a).

68. Medley was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of an Equipment Operator.

69. Liberty willfully and intentionally subjected Medley to discrimination by allowing its employees to make racist comments directed towards him and in his presence as referenced herein.

70. Liberty willfully and intentionally discriminated against Medley by ignoring is reports of continued harassment and discriminatory conduct.

71. Liberty knew its actions violated Title VII or was recklessly indifferent in that regard.

72. As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under 42 U.S.C. §1981a.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment – Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

73. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

74. Medley was subjected to harassing treatment from Liberty employees because of his race/color (West African/Black).

75. The comments and treatment Medley experienced were unwelcome.

76. The treatment was sufficiently severe and pervasive to alter the conditions of Medley's employment and created an environment abusive hostile to his race/color.

77. Medley found the working environment to be hostile.

78. A reasonable person in Medley's circumstances would find the environment in which Medley worked to be hostile.

79. As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and

suffering, humiliation, mental anguish, and inconvenience, Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under 42 U.S.C. §1981a.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of Title VII**
**(42 U.S.C. § 2000e-3(a))**

80.  Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

81.  Medley engaged in protected activities by reporting harassment and discriminatory treatment that he experienced in the workplace, as well as by filing a charge of discrimination.

82.  Liberty's conduct in allowing Medley to be subjected to ongoing discriminatory treatment without investigating or reprimanding Liberty employees is in violation of Sec. 2000e-3(a).

83.  The effect of these statutory violations was to deprive Medley of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

84.  These statutory violations were intentional.

85.  These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Medley's statutorily protected rights.

86.  As a direct and proximate result of the foregoing actions and conduct of Liberty, Medley has suffered, and will continue to suffer, non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Medley also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Medley claims damages for these losses and injuries under 42 U.S.C. §1981a.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Joseph Medley prays for judgment against Defendant Liberty Oilfield Services, LLC in an amount to be determined at trial, pre-judgment and post-judgment interest, attorney's fees, costs and expert witness fees, and for such other and further relief as provided by statute or that the Court may deem proper.

DATED this 7th day of August 2018.

Respectfully submitted,

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Andrew.Quisenberry@coloradolaw.net