IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02001-SKC

JOSEPH MEDLEY,

    Plaintiff,

v.

LIBERTY OILFIELD SERVICES, LLC,

    Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Liberty Oilfield Services, LLC ("Defendant" or "Liberty"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., responds to Plaintiff Joseph Medley's ("Plaintiff" or "Medley") Complaint and Jury Demand ("Complaint") (Dkt. #1) as follows:

### NATURE OF ACTION

Defendant states that the allegations contained in Plaintiff's unnumbered paragraph following his "Nature of Action" heading call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies it engaged in any practice prohibited by the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, *et seq.*, or Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*. Defendant denies all other allegations contained in Plaintiff's unnumbered paragraph following his "Nature of Action" heading.

## PARTIES

1. Defendant admits Plaintiff is a current employee of Liberty and, upon information and belief, admits he is a resident of the State of Alabama.

2. Defendant admits Plaintiff's race/color is West African/Black. The remaining allegations contained in paragraph 2 of Plaintiff's Complaint call for legal conclusions to which no response is necessary. Defendant denies all allegations alleged in paragraph 2 not specifically admitted herein.

3. Defendant admits its principal office is located at 950 17th Street, Suite 2400, Denver, Colorado 80202. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint call for legal conclusions to which no response is necessary. Defendant denies all allegations alleged in paragraph 3 not specifically admitted herein.

## JURISDICTION

4. The allegations contained in paragraph 4 call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits this Court has jurisdiction over the subject matter of Plaintiff's claims and personal jurisdiction over Defendant, but Defendant denies any of Plaintiff's claims have any merit.

## ADMINISTRATIVE HISTORY

5. Defendant admits Plaintiff filed a Charge of Discrimination ("Charge") with the Colorado Civil Rights Division ("CCRD") but denies the Charge had any legal or factual merit. Defendant admits any charge Plaintiff filed with the CCRD speaks for itself. Defendant denies the remaining allegations contained in paragraph 5.

6. Defendant admits Plaintiff's Charge was dually filed with the Equal Employment

2

Opportunity Commission ("EEOC") but denies the Charge had any legal or factual merit. Defendant admits any charge filed by Plaintiff with the EEOC speaks for itself. Defendant denies the remaining allegations contained in paragraph 6.

7. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 7 and, therefore, denies the same.

8. In response to paragraph 8, Defendant states that any Notices of Right to Sue received by Plaintiff speak for themselves. Defendant denies all remaining allegations contained in paragraph 8.

## **FACTUAL ALLEGATIONS**

9. In response to paragraph 9, Defendant incorporates by reference its responses to paragraphs 1 through 8 as if fully set forth herein

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits some of its former employees made inappropriate comments toward Plaintiff but denies the remainder of the allegations contained in paragraph 16.

17. Defendant admits some of its former employees made inappropriate comments toward Plaintiff but denies the remainder of the allegations contained in paragraph 17.

18. Defendant states it is without sufficient information and knowledge to either

admit or deny the allegations in paragraph 18 and, therefore, denies the same.

19. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 19 and, therefore, denies the same.

20. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 20 and, therefore, denies the same.

21. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 21 and, therefore, denies the same.

22. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 22 and, therefore, denies the same.

23. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 23 and, therefore, denies the same.

24. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 24 and, therefore, denies the same.

25. Defendant admits Plaintiff complained of inappropriate conduct and that Defendant promptly investigated and addressed the conduct but denies the remainder of the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. In response to paragraph 28, Defendant admits Plaintiff submitted correspondence dated November 19, 2016 to Defendant's Human Resources department and that the correspondence speaks for itself. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 28.

29. In response to paragraph 29, Defendant states Plaintiff's November 19, 2016 correspondence to Liberty's Human Resources department speaks for itself. Defendant denies all remaining allegations contained in paragraph 29.

30. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 30 and, therefore, denies the same.

31. In response to paragraph 31, Defendant states that its employee handbook speaks for itself. Defendant denies all remaining allegations contained in paragraph 31.

32. Defendant admits the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant admits that, other than employees who had previously separated, it terminated all of the employees about whom Plaintiff complained and denies the remainder of the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

43. In response to paragraph 43, Defendant incorporates by reference its responses to paragraphs 1 through 42 as if fully set forth herein.

44. The allegations contained in paragraph 44 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits Plaintiff is a member of a protected class of individuals.

46. The allegations contained in paragraph 46 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits Plaintiff is a current Liberty employee but denies all other allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant admits Plaintiff seeks attorneys' fees, costs, expenses, non-economic damages, and other damages, but denies Plaintiff is entitled to any of the relief he now seeks specified in paragraph 50.

## SECOND CLAIM FOR RELIEF
### Hostile Work Environment – Harassment in Violation of the
### Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

51. In response to paragraph 51, Defendant incorporates by reference its responses to

6

paragraphs 1 through 50 as if fully set forth herein.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 53 and, therefore, denies the same.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 55 and, therefore, denies the same.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant admits Plaintiff seeks attorneys' fees, costs, expenses, non-economic damages, and other damages, but denies Plaintiff is entitled to any of the relief he now seeks specified in paragraph 57.

## THIRD CLAIM FOR RELIEF
**Retaliation in Violation of the Colorado Anti-Discrimination Act**
**(C.R.S. § 24-34-402(1)(e)(IV))**

58. In response to paragraph 58, Defendant incorporates by reference its responses to paragraphs 1 through 57 as if fully set forth herein.

59. The allegations contained in paragraph 59 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits Plaintiff reported alleged misconduct to Liberty human resources and filed a charge of discrimination but denies all other allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant admits Plaintiff seeks attorneys' fees, costs, expenses, non-economic damages, and other damages, but denies Plaintiff is entitled to any of the relief he now seeks specified in paragraph 64.

## FOURTH CLAIM FOR RELIEF
### Discrimination in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

65. In response to paragraph 65, Defendant incorporates by reference its responses to paragraphs 1 through 64 as if fully set forth herein.

66. Defendant admits the allegations contained in paragraph 66.

67. Defendant admits the allegations contained in paragraph 67.

68. The allegations contained in paragraph 68 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits Plaintiff is a current Liberty employee but denies all other allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant admits Plaintiff seeks attorneys' fees, costs, expenses, non-economic damages, and other damages but denies Plaintiff is entitled to any of the relief he now seeks specified in paragraph 72.

## FIFTH CLAIM FOR RELIEF
### Hostile Work Environment – Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

73. In response to paragraph 73, Defendant incorporates by reference its responses to

paragraphs 1 through 72 as if fully set forth herein.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 75 and, therefore, denies the same.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant states it is without sufficient information and knowledge to either admit or deny the allegations in paragraph 77 and, therefore, denies the same.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant admits Plaintiff seeks punitive damages but denies he is entitled to any relief specified in paragraph 79.

## SIXTH CLAIM FOR RELIEF
### Retaliation in Violation of Title VII
### (42 U.S.C. § 2000e-3(a))

80. In response to paragraph 80, Defendant incorporates by reference its responses to paragraphs 1 through 79 as if fully set forth herein.

81. The allegations contained in paragraph 81 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits Plaintiff reported alleged misconduct to Liberty human resources and filed a charge of discrimination but denies all other allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant admits Plaintiff seeks attorneys' fees, injunctive and declaratory relief, compensatory damages, reinstatement, and backpay with full benefits, but denies Plaintiff is entitled to any of the relief specified in paragraph 86 of Plaintiff's Complaint.

In response to Plaintiff's "WHEREFORE" paragraph immediately following Plaintiff's "Jury Demand," Defendant denies Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All of the decisions and/or actions challenged as discriminatory and/or retaliatory in Plaintiff's Complaint were taken for legitimate, nondiscriminatory, nonretaliatory, and non-pretextual reasons.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not act willfully in violation of Plaintiff's protected rights, but acted reasonably and in good faith and not in reckless disregard of the law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking equitable relief because he has an adequate remedy at law.

### FOURTH AFFIRMATIVE DEFENSE

At all times, Defendant's actions were lawful, justified, and made in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

Defendant expressly denies all of the allegations not specifically admitted herein and affirmatively avers that every denial contained in any specific paragraph applies to all paragraphs unless expressly limited or otherwise contradicted by an express admission or denial or affirmative defense.

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained but will be added by amendment once they are identified.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant for its costs expended hereto, including attorneys' fees, and for such other relief as this Court deems appropriate.

Respectfully submitted this 16th day of October, 2018.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Austin E. Smith*
Austin E. Smith
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:  303.831.9246
austin.smith@ogletree.com
steve.reid@ogletree.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2018, I served the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Andrew C. Quisenberry, Esq.
Andrew.Quisenberry@coloradolaw.net

*s/ Linda R. Kerman*
Linda R. Kerman, Paralegal